F I L E D
United States Court of Appeals
Tenth Circuit

FEB 22 2005

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KENNETH G. LEVY,

      Petitioner-Appellant,

v.

CHARLES SIMMONS; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 04-3343
(District of Kansas)
(D.C. No. 02-CV-3232-SAC)

ORDER

Before **EBEL, MURPHY,** and **McCONNELL,** Circuit Judges.

This matter is before the court on Kenneth G. Levy's *pro se* request for a certificate of appealability ("COA"). Levy seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," unless the petitioner first obtains a COA). Because Levy has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

In 1998, the state of Kansas charged Levy with a single count of first-degree murder in the 1976 beating death of Frankie Tiller. After the case had proceeded to trial, and several prosecution witnesses had testified, the parties entered into a plea agreement. Under the plea agreement, Levy agreed to plead guilty to a reduced charge of voluntary manslaughter. After entering a guilty plea, but before being sentenced, Levy filed a motion to withdraw his guilty plea. In his motion, Levy asserted that he had only agreed to plead guilty because his attorney had informed him that if the case proceeded to trial, the jury would be limited to considering a first degree murder charge. In other words, according to Levy, the jury would be precluded from considering lesser included offenses and would, instead, be required to limit its deliberations to the first degree murder charge. The state court appointed alternate counsel for Levy and held an evidentiary hearing. At the conclusion of the hearing, the state court found that Levy had never been so advised and that Levy's contrary allegations were not credible. The state court denied Levy's motion to withdraw his guilty plea and sentenced him to a term of imprisonment of five to ten years. Levy's state motion for post-conviction relief was summarily denied by the state trial court, the

Kansas Court of Appeals affirmed the denial of post-conviction relief, and the Kansas Supreme Court denied review.

In the instant § 2254 habeas petition, Levy raised the following three grounds for relief: (1) the state trial court erred in refusing to suppress Levy's statements to an agent of the Kansas Bureau of Investigations; (2) the state court judge, prosecutor, and defense counsel conspired to allow Levy's former girlfriend to testify and to force Levy to accept a plea agreement; and (3) defense counsel was generally ineffective in protecting Levy's constitutional rights. In a thorough and well-reasoned order, the district court concluded that Levy was not entitled to habeas relief.

As to Levy's claims relating to constitutional errors occurring prior to the entry of his guilty plea—admission of his confession, admission of the testimony of the Kansas Bureau of Investigation agent, and admission of the testimony of his former girlfriend—the district court concluded those claims were barred to the extent the guilty plea was knowingly and voluntarily entered. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty . . . , he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *id.*

-3-

(holding that once a defendant has pleaded guilty, the defendant can only attack the voluntary and intelligent nature of the plea).  A review of the record, with particular note of the state trial court's findings of historical fact, 28 U.S.C. § 2253(e)(1), demonstrated that Levy knowingly and voluntarily accepted the guilty plea in response to very damaging testimony presented by the prosecution during its case-in-chief.  In particular, the transcript of the hearing on Levy's request to withdraw his guilty plea demonstrates that both Levy's trial counsel and Levy's family members felt that the **best possible result** after the prosecution presented its evidence was a second degree murder conviction.  Accordingly, the record revealed that Levy's decision to plead guilty to voluntary manslaughter, thereby waiving any potential statute of limitations defense, was a voluntary and intelligent choice.  Thus, not only did the record belie Levy's claim of ineffective assistance of counsel, it demonstrated that his other claims of constitutional error were foreclosed by his guilty plea.

To be entitled to a COA, Levy must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations

omitted).  In evaluating whether Levy has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Levy need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Levy's application for a COA and appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Levy is not entitled to a COA.  The district court's resolution of Levy's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings.  Accordingly, this court **DENIES** Levy's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge